UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ | MDL No. 2672 CRB (JSC) **ORDER DENYING CHEROKEE NATION'S MOTION TO LIFT STAY** |
| This Order Relates To: *United States v. Volkswagen AG*, No. 3:16-cv-00295-CRB, Dkt. No. 61 _____/ | |

As part of the settlement between the United States, California, and Volkswagen in this multidistrict litigation, Volkswagen agreed to fund a trust that would be used by federally-recognized Indian tribes to finance projects that would reduce pollution. The Court approved the terms of the tribal trust agreement in September 2017. (*See* 16-cv-00295, Dkt. No. 49.)

In March 2018, the United States, Volkswagen, and the trustee notified the Court of a potential problem with the trust: tribes had requested more funds than were available to be distributed in the first funding cycle, and this oversubscription had triggered a population-based allocation formula in the trust agreement that, under the circumstances, would award the majority of the funds to several large tribes and would result in *de minimis* awards for all other tribal beneficiaries. The United States, Volkswagen, and the trustee expressed concern that this result would be inconsistent with the goals of the tribal trust agreement. In response, the Court ordered the United States and interested tribal beneficiaries to meet and confer, in consultation with the trustee, to discuss whether any adjustments to the allocation formula were necessary. The Court also stayed all disbursements of trust funds until further notice. (*See* MDL Dkt. No. 4867.)

On June 15, 2018, Cherokee Nation, a tribal beneficiary, filed a motion to lift the stay on

<mark style="margin">United States District Court
Northern District of California</mark>

disbursements. (16-cv-00295, Dkt. No. 61.) Cherokee Nation makes several arguments in its motion, but the Court construes the motion as ultimately challenging the United States' efforts to modify the trust agreement's allocation formula. The Court DENIES the motion for the following reasons.

First, Cherokee Nation's arguments will be best addressed at a later date. A week after Cherokee Nation filed its motion, the United States filed a notice of proposed material modifications to the tribal trust agreement, which include proposed modifications to the trust's disbursement allocation formula. (16-cv-00295, Dkt. No. 62.) The United States explained in its notice that it would be providing tribal beneficiaries 30 days to comment on the proposed modifications. That comment period is currently under way. The arguments Cherokee Nation makes in its motion to lift the stay are best framed as comments on the proposed modifications. Given that the 30-day comment period has yet to end, judicial efficiency counsels in favor of the Court addressing Cherokee Nation's comments after the comment period has ended and after the United States has responded.

Second, the stay remains appropriate because the stay preserves the status quo as potential modifications to the trust agreement are considered. Cherokee Nation has not convinced the Court that it has been materially harmed by the stay to date, or that it will be prejudiced if the Court continues to stay disbursements until after the comment period has ended, the United States has responded, and the Court is able to evaluate the merits of the proposed modifications.

Because judicial efficiency counsels against addressing Cherokee Nation's comments now, and because the stay of disbursements remains appropriate and has not materially harmed Cherokee Nation, the Court DENIES Cherokee Nation's motion to lift the stay. As noted, the Court will consider Cherokee Nation's comments when deciding whether to approve the modifications to the tribal trust agreement that the United States has proposed.

**IT IS SO ORDERED.**

Dated: July 11, 2018

_____
CHARLES R. BREYER
United States District Judge

2